

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
ROBERTO THOMPSON                     :
                                     :     07 Civ. 4691 (BSJ)
                    Plaintiff,       :     **Order**
                                     :
          v.                         :
                                     :
JOSE DELVALLE and JOHN CLIFFORD,     :
                                     :
                    Defendants.      :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is the motion of Defendants Jose Delvalle and John Clifford ("Defendants") to dismiss the Complaint of Plaintiff Pro Se Roberto Thompson ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND[1]

    Plaintiff Pro Se Thompson brings this action pursuant to 42 U.S.C. § 1983 alleging false arrest, malicious prosecution, and deliberate indifference to his medical needs in connection with his arrest on September 11, 2004.[2] Plaintiff claims that at 10:45 p.m. he was assaulted and robbed by unidentified perpetrators. (Am. Compl. at 3A.) Defendant Delvalle, a New York City Police Officer, became involved when he responded to a "10-34" or "assault in progress." (Id.) Plaintiff states that when the

---

[1] The following facts are taken from the allegations in Plaintiffs' Amended Complaint and are assumed to be true for the purposes of this decision only.
[2] The Plaintiff states in his Opposition that he is not claiming malicious prosecution but the Court nonetheless considers this claim on its merits.

1

police arrived at the scene, they refused to take his complaint and arrest the perpetrators whom he claims assaulted and robbed him. (Id.) Instead, the police arrested Plaintiff. (Id.)

Plaintiff claims that prior to his arrest he was "assaulted by more than a dozen Hispanic males." (Id. at 3B.) Plaintiff avers that following his arrest, Defendant Delvalle "delayed" his access to medical treatment by transporting him from the scene of his arrest to the New York City Police Department's 42nd Police Precinct and placing him in a holding cell. (Id.) Plaintiff suffered blunt head trauma, multiple lacerations on his head, and abrasions on his shoulder. (Id.) Plaintiff also claims that he lost consciousness while in the holding cell. (Id.) Emergency medical service personnel with the New York City Fire Department administered treatment in the cell and then transported him to a hospital for further treatment. (Id.)

In his Amended Complaint, Plaintiff admits the "charges relating to [his] arrest were referred to the United States District Court of the Southern District of New York," and that he was indicted and convicted of crimes stemming from his September 11, 2004 arrest, including robbery under the Hobbs Act and use of a firearm during a violent crime. (Am. Compl. at 3B; United States of America v. Roberto Thompson, 04-cr-1225, Dkt. No. 44 (AKH) (S.D.N.Y. Mar. 13, 2006).)

2

Plaintiff commenced this action on June 4, 2007 and filed an Amended Complaint on June 18, 2007. In the Amended Complaint, Plaintiff named two Defendants, Officer Jose Delvalle and Sergeant John Clifford. Defendants have moved to dismiss the Complaint. For the reasons discussed below, Defendants' Motion to Dismiss is GRANTED.[3]

## LEGAL STANDARD

A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if a Plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. See York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund Ltd., 493 F.3d 87, 98

---

[3] Defendants claim that this suit should be dismissed because of improper service. On October 11, 2007, Plaintiff served NYPD Officer Jose A. Del Valle with a copy of the Summons and Amended Complaint. However, former NYPD Officer Jose G. Del Valle was the assigned arresting officer for Plaintiff's September 11, 2004 arrest. Officer Jose A. Del Valle states that he has been assigned to the Bronx Criminal Court House since 1996, and was not in any way involved in the arrest, detention and/or prosecution of Plaintiff. (Jose A. Del Valle Decl., Ex. C, ¶¶ 5-6.) Defendant John Clifford has also not been served a Summons and Amended Complaint. The Court does not address these issues because it grants Defendants' Motion to Dismiss as to Delvalle and Clifford on other grounds.

3

(2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). Dismissal under Rule 12(b)(6) is required when a complaint fails to allege sufficient facts to state a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

Plaintiff states that the Defendants "violated my constitutional rights while acting under the color of state law," and specifically "violated my right to due process, and equal protection...." (Am. Compl. at 3.) The Court construes Plaintiff's Complaint as alleging the following claims: (1) False Arrest and Malicious Prosecution, (2) Failure to Prosecute, and (3) Deliberate Indifference. None of Plaintiff's claims survive Defendants' Motion to Dismiss.

### A. False Arrest and Malicious Prosecution

Plaintiff claims that he was falsely arrested on September 11, 2004. In his Amended Complaint, Plaintiff alleges that Officer Delvalle "had no probable cause or reason to believe that I was the person who should be arrested," and that Delvalle "failed to follow N.Y.P.D. procedures" by "tampering with and fabricating evidence in order to justify my wrongful arrest." (Am. Compl. at 3A.) These allegation may also be construed as alleging malicious prosecution against Defendants.

4

Plaintiff's claims of false arrest and malicious prosecution are barred by Plaintiff's conviction in the underlying criminal matter. In Heck v. Humphrey, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994). In this case, as Plaintiff admits in the Amended Complaint, he was indicted and convicted of crimes stemming from his September 11, 2004 arrest. (Am. Compl. at 3A.) In fact, he concedes that his "current incarceration is a direct result of the events of September 11, 2004." (Thompson Affid., dated Dec. 17, 2009, ¶ 3F.) Plaintiff is currently serving a sentence of 207 months incarceration as a result of said conviction. (Kunz Decl., Ex. F, Criminal Judgment.) Plaintiff's conviction has not been reversed, expunged or in any way declared invalid. As such, the Court dismisses Plaintiff's false arrest and malicious prosecution claims.

Plaintiff argues that his claim of false arrest is not barred by the Heck doctrine because the charges stemming from

5

his September 11, 2004 arrest were dismissed in New York State Court on September 26, 2004. (Pl. Opp. at 3.) Plaintiff contends that because he was never convicted by a "local New York State level" court, that his false arrest claim should survive this motion under the doctrine of collateral estoppel. Plaintiff cites to Haring v. Prosise, where the Supreme Court finds that under Virginia law, "[u]nless an issue was actually litigated and determined in the former judicial proceeding," collateral estoppel does not apply. 462 U.S. 306, 315 (1983). Because the state court proceedings never actually litigated the action, collateral estoppel does not apply to this case.

Similar arguments have been rejected by other Courts. See, e.g., Fuertado v. Gillespie, 04-cv-3405, 2005 U.S. Dist. LEXIS 30310 (E.D.N.Y. Nov. 17, 2005)[4]; Thompson v. Grey, 08-cv-4499, 2009 U.S. Dist. LEXIS 75563 (E.D.N.Y. August 26, 2009)[5]. In this case, there is no question that Plaintiff's conviction in Federal Court is closely related to the New York State prosecution that was dismissed. Plaintiff concedes that these two prosecutions stem from the same set of events. (Am. Compl.

---

[4] In Fuertado, the Court granted dismissal of a false arrest claim where the first indictment was dismissed because of tainted evidence, but a second indictment, "inextricably intertwined" and "closely related" to the first indictment resulted in a guilty plea. 2005 U.S. Dist. LEXIS 30310, at *18-19.
[5] In Thompson, the Court granted dismissal of a false arrest claim where a grand jury refused to indict, but a second grand jury that was shown new evidence did indict, leading to a conviction. The Court stated that this was appropriate because the two prosecutions were "similar in nature and substantially related" and "[a]ll charges arose out of the same events and the subsequent investigation at the same crime scene". U.S. Dist. LEXIS 75563, at *14.

6

at 3B.) Indeed, the State prosecution was dismissed only after the Federal prosecution was commenced.[6] Plaintiff's argument fails to defeat the Heck doctrine because the Federal and State actions are inextricably intertwined and substantially related to one another. See Fuertado, 2005 U.S. Dist. LEXIS 30310, at *18-19.

## B. Failure to Prosecute

Plaintiff claims that Defendants violated his due process and equal protection rights by "refusing to file [his] complaint, and arrest the suspects that unlawfully" robbed and assaulted him. (Am. Compl. at 3.) This claim fails because a private citizen, who is a purported crime victim, has no cognizable constitutional interest in the criminal prosecution or non-prosecution of another. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 767 (2005). The purpose of making a complaint to the police is to initiate criminal proceedings against someone who has allegedly committed a criminal act. The fact that the police would not take a complaint violates no right because "[t]here is no constitutional right to force an officer to make an arrest." Lewis v. New York City Police Dep't, 2000 U.S. Dist. LEXIS 69, at *9 (S.D.N.Y. January 10, 2000). Plaintiff's claim that Defendants ignored his complaint about

---

[6]

being robbed and assaulted does not implicate any constitutional right and is therefore dismissed.

C. Deliberate Indifference

Plaintiff argues that his rights were violated when he was brought to the 42nd Precinct, rather than being kept at the scene of his arrest to await medical treatment. Plaintiff claims that Defendants "intentionally delayed [his] access to licensed medical professionals" and were "deliberately indifferent to [his] medical needs," causing him "unnecessary and wanton infliction of pain." (Am. Compl. at 3B.)

A claim of delay or denial of adequate access to medical care arises under the jurisprudence of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 103 (1976) (stating that the government has an "obligation to provide medical care for those whom it is punishing by incarceration"). To prevail, a plaintiff must satisfy both an objective and subjective component. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). A plaintiff must show that his "condition could result in further significant injury or the unnecessary and wanton infliction of paint." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Subjectively, the charged official must act with a sufficiently culpable state of

mind." Hathaway, 99 F.3d at 553. A plaintiff must show that a specific defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the specific defendant drew the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff sufficiently alleges the objective element of deliberate indifference. In his Amended Complaint, Plaintiff specifies his injuries and refers to an Ambulance Call Report. (Am. Compl. at 3B.) Plaintiff sustained blunt head trauma, including multiple lacerations to the back right side of his head and abrasions on the right side of his upper back. (Kunz Decl, Ex. H.) Such injuries, without more, would fail to amount to "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway, 99 F.3d at 553; Lumaj v. Williams, 03 Civ. 1849, 2004 U.S. Dist. LEXIS 8178, at **1, 10-13 (S.D.N.Y. May 6, 2004) (stating that plaintiff failed to allege a sufficiently serious injury where he was slashed in the face, head, arms, chest, and hands, and suffered permanent scarring). But Plaintiff also claims to have lost consciousness "for an unknown period of time" while incarcerated. (Am. Compl. at 3B.) Losing consciousness is "a medical condition that significantly affects an individual's daily activities." Osuna v. City of New York, 08 Civ. 4759, 2009 U.S. Dist. LEXIS 66282, at *14 (S.D.N.Y. July 28, 2009) (quoting Chance v. Armstrong,

9

143 F.3d 698, 702 (2d Cir. 1998)). Such an allegation would thus satisfy the objective component of deliberate indifference.

Plaintiff fails, however, to allege that Defendants acted with a culpable state of mind. Plaintiff allegedly lost consciousness while in the holding cell at the 42nd Precinct. When Defendants took Plaintiff to the precinct, he only suffered from lacerations and abrasions. Plaintiff alleges no facts that Defendants knew or were warned of any symptoms that would signify a potential loss of consciousness or other serious injury. It is uncontested that the incident and injuries took place at approximately 10:45 p.m. (Am. Compl. at 3.) While Plaintiff does not know how long the purported delay in treatment lasted, the Ambulance Call Report states that EMS personnel arrived at the police precinct and administered treatment to Plaintiff at 11:39 p.m. (Kunz Decl., Ex. H.)

Plaintiff was thus provided medical treatment for what Defendants perceived to be merely lacerations and abrasions less than one hour after receiving the injury. Such a short duration between the perceived minor injuries and medical attention does not rise to the level of culpability required under deliberate indifference. Osuna v. City of New York, 08 Civ. 4759, 2009 U.S. Dist. LEXIS 66282, at *15 (S.D.N.Y. July 28, 2009) (holding that a 75-minute delay, in which plaintiff was transported to a police precinct before being transported to the hospital, did

10

not rise to the level of a constitutional violation); <u>Universal Calvary Church v. City of New York</u>, 96 Civ. 9606, 2000 U.S. Dist. LEXIS 15153, at *35 (S.D.N.Y. Oct. 13, 2000) (finding that plaintiff failed to state a claim for deliberate indifference where delay was no longer than two hours); <u>Rivera v. New York</u>, 96 Civ. 7697, 1999 U.S. Dist. LEXIS 129 (S.D.N.Y. Jan. 12, 1999) (same). Plaintiff is thus unable to show that Defendants acted with a sufficiently culpable state of mind and cannot meet the subjective component of deliberate indifference.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED in its entirety. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         June 21, 2010